## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **KRISTA T. AVALON,** | § | |
| | § | |
| **Plaintiff** | § | **CIVIL ACTION NO.** |
| | § | 5:12 CV 756 |
| **vs.** | § | |
| | § | **Jury Trial Demanded** |
| **STELLAR RECOVERY, INC. AND** | § | |
| **AEGIS SECURITY INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| **Defendants** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

### NATURE OF ACTION

1.      This is an action for damages brought by an individual plaintiff for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") and the Texas Debt Collection Act, Chapter 392 (hereinafter "TDCA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2.      Plaintiff seeks to recover monetary damages for Defendant's violation of the FDCPA and the TDCA, and to have an Order or injunction issued by this Court preventing Defendant from continuing its violative behavior.

## JURISDICTION AND VENUE

3.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331,1337 and 1367, and 28 U.S.C. §2201-2202 .

4.      Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants transact business in this district.

## PARTIES

5.      Plaintiff, Krista T. Avalon ("Plaintiff'), is a natural person residing in San Antonio, Bexar County, Texas.

6.      Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3) and Texas Finance Code §392.001(1).

7.      Defendant, Stellar Recovery, Inc. ("Defendant") may be served with summons by serving its registered agent, Business Filings Incorporated, 701 Brazos Street, Suite 720, Austin, Texas 78701.  Such Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 1 5 U.S.C. §1692a(5) and by Tex. Fin. Code Ann § 392.001(6).

8.      The Court has jurisdiction over Defendant, Stellar Recovery, Inc., as it registered to do business in Texas, posted a $10,000.00 Texas Debt Collector's Bond and purposefully availed itself of the privileges and benefits of conducting

-2-

business in Texas by engaging in the business of collecting debts in Texas. Said Defendant engaged in business in Texas by attempting to collect an alleged debt against Plaintiff in Texas in a manner that violated the FDCPA and that forms the basis of the other claims brought by way of this complaint.

9.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin, Code Ann § 392.001(2). It is also a third-party debt collector as defined by 15 U.S.C. §1692(a)(6)   and Tex. Fin. Code Ann §392.001(7).

10.      Co-Defendant, Aegis Security Insurance Company, may be served with summons by serving its attorney for service, Burnie Burner at 106 E. 6th St., Suite 300, Austin, Texas 78701.

11.      The Court has jurisdiction over Defendant Aegis Security Insurance Company, a nonresident, because it purposefully availed itself of the privileges and benefits of conducting business in Texas by engaging in business in Texas. Specifically, Aegis Security Insurance Company issued a Texas Debt Collectors Bond no. B21000003 to Stellar Recovery, Inc. to collect debts in Texas, which bond was filed with the Texas Secretary of State.

## FACTUAL ALLEGATIONS

12.      Plaintiff is a natural person obligated, or allegedly obligated, to pay a consumer debt owed or due, or asserted to be owed or due a creditor which was allegedly assigned to  Defendant Stellar Recover, LLC, long after it was past due and in default.

13.     Plaintiffs obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes and Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant which was later, after default, upon information and belief, assigned to the Defendant outright or for collection purposes.

14.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another or to it as third party debt collector.

15.     Section 392.101 of the Texas Finance Code (TDCA) requires third party debt collectors collecting debts within the State of Texas to post a $10,000.00 Third Party Debt Collector Bond with the Texas Secretary of State.

16.     Defendant Stellar Recovery, Inc. posted such a $10,000.00 Third Party Debt Collector Bond with the Texas Secretary of State.  Defendant Aegis Security Insurance Company is the surety on such bond.  The bond is numbered: B21000003.  The Defendant Aegis Security Insurance Company surety is liable to the Plaintiff to the extent of the $10,000.00 bond due to the conduct set forth below which violates the Texas Finance Code.

17.     Section 392.102 of the Texas Finance Code (TDCA) provides that, "[A] person who claims against a bond for violation of this chapter may maintain an action against the third-party debt collector or credit bureau and against the surety."

18.     Defendant wrote Plaintiff a demand letter date November 2, 2011, demanding payment of $2,941.38 asserting that it is the assignee of a debt in such amount originally owed to HSBC Bank,N.A./Best Buy Co., Inc.

19.     Plaintiff, through counsel, sent Defendant the attached reply letter attached hereto marked as Exhibit "A", on May 16, 2012.  The reply letter: (1) notified defendant of Plaintiff's representation by counsel; (2) requested documents showing an assignment to Defendant and an account history; (3) disputed the debt and contained a refusal to pay the debt; and, (4) requested cessation of all further communications with the Plaintiff and, directed that all further communication be through Plaintiff's lawyer.  The Defendant did not reply to the letter.

20.     Instead on July 18, 2012, after receiving the Plaintiff's May 16, 2012, dispute/cease and desist letter, Defendant sent the Plaintiff another demand letter making it clear that the Defendant was still attempting to collect the debt.  A true copy of such letter is attached hereto marked at Exhibit "B" and is incorporated by reference herein.

## GROUNDS FOR RECOVERY: VIOLATIONS OF THE FDCPA

21.    Plaintiff repeats and re-alleges each and every allegation contained above.

22.    Defendant, Stellar Recovery, Inc.'s aforesaid conduct violated the following sections of the FDCPA:

A.    15 U.S.C. §1692b(b)(6) by continuing to communicate with any person other than Plaintiff's attorney after Defendant knew that Plaintiff was represented by an attorney;

B.    15 U.S.C. §1692c(a)(2) by communicating with the Plaintiff after the Defendant knew Plaintiff was represented by an attorney;

C.    15 U.S.C. §1692c© by communicating with the Plaintiff after the Defendant knew Plaintiff disputed and refused to pay the debt;

D.    15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt; and,

E.    15 U.S.C. §1692c(a)(2) by communicating with the Plaintiff after the Defendant knew Plaintiff was represented by an attorney.

23.    Plaintiff seeks attorney's fees, costs, actual damages and statutory damages of $1000.00 for these violations of the federal law.

## GROUNDS FOR RELIEF: VIOLATIONS OF THE TDCA

24.     Plaintiff repeats and re-alleges each and every allegation contained above.

25.     Defendant Stellar Recovery, Inc. violated the Texas Debt Collection Act in one or more of the following ways:

A.      Tex. Fin. Code §392.304(a)(8) by misrepresenting the character of the debt;

B.      Tex. Fin. Code §392.304(a)(19) by using false misrepresentations or deceptive means to  to collect a debt;

26.     At all times material hereto Defendant Aegis Security Insurance Company has been the bonding company for Defendant Stellar Recovery, Inc. pursuant to Tex. Fin. Code §392.102 and is liable to the Plaintiff for the damages penalties and attorney's fees to the extent of the $10,000.00 surety bond posted with the State of Texas for such violations of the Texas Debt Collection Act.    The Defendants are jointly and severally liable for such claims.

27.     Pursuant to Tex. Fin. Code §403(1) and 28 U.S.C. §2201-2202, the Plaintiff requests that the Court enter a declaratory judgment finding that the Defendant violated the statues set forth above and to determine which violations are criminal in nature and subject to the imposition of fines under Tex. Fin. Code §392.402 and, to enter a temporary and permanent injunction prohibiting such further unlawful breaches of statutory duties and misconduct which have caused the

-7-

Plaintiff to sustain injury. The injunction should direct that Defendant not communicate with the Plaintiff in any manner in the future and enjoin Defendant's further and future statutory violations as set forth above. The Plaintiff has no adequate remedy at law to stop the misconduct by Defendant which has caused the Plaintiff to sustain injury. The Defendant has willfully ignored Plaintiff's counsel's cease and desist written request in violation of state and federal law. The Court's intervention is necessary to prevent further abuse by the Defendant of the Plaintiff by prohibiting further contact or communication in any manner.

28.    An appropriate fine should be assessed by this Court.

29.    The Plaintiff seeks attorney's fees, actual damages, costs of Court and injunctive relief for these violations of state law.

30.    Plaintiff requests a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for relief and judgment, as follows:

a)    Adjudging that Defendant violated the FDCPA and TDCA;

b)    Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)    Awarding Plaintiff actual damages, pursuant to 1 5 U.S.C. §1692k and Tex. Fin. Code §392.403(2);

d)    Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

-8-

e)      Awarding Plaintiff pre-judgment and post-judgment interest as may be

        allowed under the law;

f)      Awarding Plaintiff the Declaratory and Injunctive Relief set forth above;

g)      Awarding such other and further relief as the Court may deem just and

        proper.

Dated: 3 August, 2012.

                        Respectfully submitted,

                        LAW OFFICES OF MARTIN  SEIDLER
                        One Elm Place, Suite E504
                        11107 Wurzbach Road
                        San Antonio, Texas 78230
                        (210)  694-0300
                        (210)  690-9886 Telecopier


                        By:___/s/_____
                           MARTIN SEIDLER, SBN #18000800
                           ATTORNEY FOR PLAINTIFF

LAW OFFICES

**MARTIN W. SEIDLER**

ONE ELM PLACE, SUITE 504
11107 WURZBACH ROAD
SAN ANTONIO, TEXAS 78230
TELEPHONE (210) 694-0300
TELECOPIER (210) 690-9886

MARTIN W. SEIDLER

May 16, 2012

Stellar Recovery, Inc.
1327 Highway 2 W, #100
Kalispell, MT 59901

RE:  Krista T. Avalon
Original Creditor: Best Buy/HSBC Bank, N.A.
Account No.: 7001-0981-4726-1901
Your File No.: 4557395

REQUEST TO CEASE COLLECTION EFFORTS AND
COMMUNICATIONS WITH ACCOUNT DEBTOR

Dear Sirs:

Please be advised that I represent the above individual and that my client disputes the claimed debt(s) described above. Please provide any contract or agreement signed by my client, an account history showing how you arrived at the conclusion that my client owes the amounts claimed, and when this alleged debt(s) was charged off.

Furthermore, you are hereby requested, as required by the Uniform Commercial Code, to provide proof that you or your principal is in fact the assignee of the debt(s) described above and that you are legally authorized to attempt to collect the claimed debt(s) from my client.

Unless and until such proof is furnished, I do not recognize any right on your part to attempt to collect any amount from my client through any means, including credit reporting, and you are advised that my client refuses to pay and request cessation of further communications. Further contact should be only through my office.

Yours very truly,

MARTIN SEIDLER

MS/rv
cc:   Krista Avalon
P.O. Box 782363
San Antonio, Texas 78278



EXHIBIT

tabbies

A

1327 Highway 2 W, Suite 100
Kalispell MT 59901-3413

1 1 00000142 A
153506

**STELLAR RECOVERY**

6140925

*Toll Free: 888-638-6899   Fax: 1-877-277-5520*

KRISTA AVALON
SAN ANTONIO TX
SAN ANTONIO TX 78278

July 18, 2012

### Reference Number ▶ 6140925

| Account Number ▶ 7001098147261901 | | Re ▶ HSBC Bank N.A./BEST BUY CO., INC. | |
|---|---|---|---|
| | Balance ▶ $2,946.32 | | |
| Creditor ▶ STELLAR RECOVERY, INC | | | |

Dear KRISTA AVALON,

We have been unable to come to an arrangement on your account. We understand you cannot pay the entire balance at this time. We would like to work with you in your efforts to honor this obligation.

If you wish to take advantage of this opportunity, complete the information below and return this letter to our office with your payment. We have outlined two options for you to begin making payments toward your account.

| Option 1: | Settle your account for $1,767.79 in 6 equal payments of $294.63 with the first payment due no later than 08/02/2012 with another payment of $294.63 due every 30 days thereafter. Please include the coupon at the bottom of this letter with your first payment. |
|---|---|

| Option 2: | Begin making monthly payments in the amount of $58.92 per month as a hardship arrangement. The first payment of $58.92 is due no later than 08/02/2012 with another payment of $58.92 every 30 days thereafter. Please include the coupon at the bottom of this letter with your first payment. |
|---|---|

Call 888-638-6899 to discuss other reasonable alternatives

Sincerely,

Collection Department

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

▼ Detach Here ▼          Please return bottom portion with payment.          ▼ Detach Here ▼

**IF PAYING BY CREDIT CARD, COMPLETE ALL, SIGN AND RETURN.**

CARD HOLDER NAME

□ *VISA*

CARD NUMBER PLUS 3 DIGIT SECURITY CODE     EXP. DATE

□ *MasterCard*

SIGNATURE

AMOUNT     CVV/CID (3-Digit Verification Code on Back of Card)

| Reference Number | 6140925 |
|---|---|
| Balance | $2,946.32 |
| Amount Enclosed | |

STELLAR RECOVERY, INC.
1327 Highway 2 W, Suite 100
Kalispell MT 59901-3413

EXHIBIT
B

S3P.1.1
STELLAR.wfd
153506

**PRIVACY POLICY**

 **INFORMATION WE COLLECT**

The information we collect about you will vary, but may include:

- Information we receive from you, such as your name, address, age, phone number, social security number, assets, income, or beneficiaries;

- Information about your transactions with us, with our affiliates, or with others, such as your account information, account history, credit application; and

- Information we receive from a consumer reporting agency, such as your credit history; and

- Information we receive from third parties, such as your address, phone number, or place of employment.

**INFORMATION WE DISCLOSE**

We do not disclose any nonpublic personal information about our customers or former customers to anyone, except as permitted by law.

**CONFIDENTIALITY AND SECURITY**

We restrict access to nonpublic personal information about you to those employees and agents who need to know such information within their scope of employment. We maintain physical, electronic, and procedural safeguards that comply with federal regulations to protect your nonpublic personal information.

00000142 A
153505